

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

*In re:*

**PURITY PRODUCTS, INC.**

_____ **Debtor.** _____ /

**CASE NO. 04-12265 -BKC-LMI**
**Chapter 11**

**FIRST AND FINAL FEE APPLICATION FOR ALLOWANCE AND PAYMENT OF**
**COMPENSATION OF BERGER EPSTEIN & GARBER, P.A., AS FINANCIAL ADVISORS AND**
**ACCOUNTANTS FOR THE OFFICIAL COMMITTEE OF**
**UNSECURED CREDITORS FOR THE PERIOD JUNE 1, 2005 TO FEBRUARY 28, 2006**

Berger Epstein & Garber, P.A. ("Berger" or "Applicant"), Financial Advisors and Accountants for the

Official Committee of Unsecured Creditors ( the "Committee"), hereby makes this First and Final Application

for Allowance of Compensation for services rendered and costs incurred in this Chapter 11 proceeding from

June 1, 2005 through February 28, 2006 (the "Application"). This Application is filed pursuant to 11 U.S.C §

330 and Federal Rule of Bankruptcy Procedure 2016, and meets all of the requirements set forth in the

guidelines incorporated in Local rule 2016-1(B)(1). This is the first and final Application filed by Berger,

Financial Advisors and Accountants for the Committee and is not an amendment or supplement to a previous

Fee Application. The Exhibits attached to this Application, pursuant to the Guidelines, are:

> **Exhibit "A"** – Certificate of Service
>
> **Exhibit "B"** – Summary of First and Final Fee Application
>
> **Exhibit "C"** – Summary of Professional Time by Activity Code
>
> **Exhibit "D"**– Detailed description of professional time in chronological order, by activity code, for

the time period covered in this Application. The requested fees are itemized to the tenth of an hour.

In support of this Application, Berger respectfully represents as follows:

1.      On March 17, Purity Products, Inc. (the "Debtor") commenced this case by filing a voluntary

petition for relief under chapter 11, title 11, United States Code (the "Bankruptcy Code") in this Court.

2.      On March 29, 2005, the Court entered an order to convert the Chapter 11 case to a Chapter 7

proceeding, and appointed Drew Dillworth, Esq. as the Chapter 7 Trustee. On May 26, 2005, the Committee

Filed a motion to reconvert the Debtor's Case to a chapter 11 case from a Chapter 7 case in order to avail

itself of the Cuban Export license attributes. On June 9, 2005, the Court entered its order reconverting the

Debtors Chapter 7 case to a Chapter 11 proceeding. The Debtors continue to operate their businesses and

manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in these cases.

3.     On April 9, 2004, the Office of the United States Trustee appointed the Committee in this case consisting of Archer Daniels Midland Co., DOT Foods, Inc., Douglas Hunter and All American Container, Inc.

4.     On July 30, 2004, the Committee filed its Ex-Parte Application to Employ Gary L. Diamond and XRoads Solutions Group, LLC ("XRoads") as Financial Advisors *Nunc Pro Tunc* to June 23, 2004.

5.     On August 17, 2004, this Court entered its Order Granting Ex-Parte Application to Employ Gary L. Diamond and XRoads Solutions Group LLC as Financial Advisors *Nunc Pro Tunc* to June 23, 2004.

6.     Effective May 31, 2005, Gary L. Diamond ceased his employment with XRoads and commenced his current employment with Berger.

7.     On August 4, 2005, Berger and the Committee filed a Notice of Substitution ("Notice") with the Court of the substitution of XRoads Solutions Group, LLC for Berger, Epstein & Garber, P.A. as financial advisors for Official Committee of Unsecured Creditors.

8.     On August 12, 2005, this Court entered its Order authorizing the Committee to substitute Morris I. Berger and the Firm of Berger Epstein & Garber, P.A. as the Committee's financial advisors pursuant to 11 U.S.C §§ 327 and 330.

9.     The Court has jurisdiction over this matter pursuant to 28 U.S.C. §157 and §1334. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2).

10.    The Committee represents the interests of unsecured creditors in the Consolidated Cases. The retention of Berger was approved (*nunc pro tunc* to June 1, 2005) and entered on or about August 12, 2005 (the "Retention Order") to provide financial advisory and accounting services as are necessary and requested by the Committee and/or its counsel in this Chapter 11 case including, but not limited to, the investigation of the Debtors' financial affairs and potential causes of action, analysis of the Debtors' assets and evaluation of the Debtors' ability to reorganization successfully, including the exploitation of the Debtor's Cuban Export license. Berger succeeded XRoads Solutions Group, LLC. as financial advisor to the Committee. The Retention Order authorized Berger to be compensated on an hourly basis and to be reimbursed for actual and necessary out-of-pocket expenses.

**THE APPLICATION**

      a.    For this fee application period beginning June 1, 2005 and ending February 28, 2006, Berger incurred professional fees of $44,135.00 at its standard hourly billing rate. Berger has not received any payment in respect of services performed since its retention. Accordingly, Berger requests an allowance of compensation for professional services rendered from the period June 1, 2005 and ending February 28, 2006 for the Committee in the amount of $44,135.00. Berger expended 126.10 hours on this case for which it is seeking compensation during this period.

      b.    The professional services and for which Berger requests an interim allowance of compensation were rendered and incurred in connection with this case in the discharge of Berger's professional responsibilities as financial advisors and accountants to the Committee in this Chapter 11 case. Berger's services have been substantial, necessary and beneficial to the Debtors and their estates, creditors and other parties-in-interest. The variety and complexity of issues involved in this case and the need to act or respond on an expedited basis to those issues have required substantial time on a daily basis.

      c.    Berger has maintained written records of the time expended by its professionals and staff in this case as required in the Southern District of Florida. Time records are maintained contemporaneously with the rendition of services by each of Berger's professionals and staff in the ordinary course of business. Such records set forth in detail the services rendered on behalf of the Committee, the dates upon which services were rendered, the nature of the services, the time spent and the identity of the professional or staff who performed such services during the Application Period, and are annexed hereto as Exhibits C and D. A schedule setting forth the number of hours expended by the individual professional and staff personnel during this Application Period are annexed hereto as Exhibit C.

**SUMMARY OF SERVICES RENDERED**

      During this Application Period, Berger provided extensive services to the Committee in furtherance of Berger's professional responsibilities as financial advisors and accountants to the Committee. Moreover, the number of hours expended by Berger's professionals and staff were actual, necessary and beneficial to the Committee. Berger encountered numerous complex financial advisory and restructuring issues during this Application Period, including the reconversion of the Debtor's case back to a Chapter 11 proceeding. Berger was called upon to respond, often upon very short notice, to a host of issues and demands. Berger professionals have rendered advice in all of these areas with skill and great dispatch. The single most

3

important factor this Court should consider when determining Applicant's allowance in these proceedings is the value of Berger's services as measured by the results obtained. Applicant would show that the work it is performing in this bankruptcy case is beneficial to the Committee and its constituency, the unsecured creditors. The full breadth of Berger's services are reflected in the attached Berger time records, and annexed hereto as Exhibit "D". A short description of Berger's services is as follows:

### A.    PLAN OF REORGANIZATION AND DISCLOSURE STATEMENT
### (49.10 hours/$17,185.00)

Berger professionals assisted in the preparation of, and reviewed, the Debtors' Plan of Reorganization and Disclosure Statement in order to provide comments to Committee counsel and evaluate the proposed treatment of Unsecured Creditor claims, and the proposed treatment of other classes of claims. In addition, Berger

- Assisted in the preparation of, and reviewed, the Debtors' projections and liquidation analyses in order to assist the Committee in its determination of appropriate treatment under the Plan;

- participated in conference calls with the Debtors professionals in order to discuss issues related to the Debtors' Plan and Disclosure Statement;

### B.    BUSINESS ANALYSIS/OPERATIONS/(39.00 hours/$13,650.00)

During this Fee Application period, Berger performed investigations of the Debtors' financial affairs and the background to the cases as well as the investigation of potential causes of action in an effort to maximize the distribution to the creditors by the Debtors.

More specifically, Berger:

- Reviewed cash flow projections and Monthly Operating Reports prepared by the Debtors in order to monitor the progress of the Debtors' export operations to Cuba and compared such to projections originally submuitted to the Court and Office of the United States Trustee;

- Identified any potential causes of action such as equitable subordination or recharacterization of debt to equity of certain secured claims as well as the validity of such claims;

4

- Conducted several meetings with Debtor officers and vendors in order to monitor the Debtor's export operations and its marketing efforts in Cuba;

- Pariticpated in telephonic conferences and meetings with vendors in order to resolve any issues with respect to shipments of product to Cuba and payments to vendors;

- Participated in Committee meetings to discuss progress of the case and outline of the Debtors' Plan of Reorganization.

**C.      CASE ADMINISTRATION (32.00 hours/$11,200.00)**

As financial advisors to the Committee, Berger kept in contact with the committee and its counsel throughout the case through numerous telephone calls, e-mails and correspondence to discuss relevant issues in the case. In engaging in this communication, Berger kept Counsel and the Committee apprised of its efforts and findings thus rendering relevant information for Counsel to the Committee to make important recommedations with respect to actions the Committee should take.

**D.      ATTENDANCE AT COURT HEARING/COMMITTEE MEETINGS**
**(6.00 hours/$2,100.00)**

Berger was requested to attend court hearings by Committee Counsel.

Berger believes that the requested fee amount of $44,135.00 for 126.10 hours worked, is reasonable considering the twelve factors enumerated in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974), made applicable to bankruptcy proceedings by In re first Colonial Corp. of America, 544 F.2d 1291 (5th Cir. 1977), as follows:

**TIME AND LABOR REQUIRED**

1.      Members of Applicant rendered a total of 126.10 hours of services on behalf of the Committee during the Application Period. The time expended was necessary, reasonable and appropriate under the circumstances of these cases based on the complex and time sensitive matters addressed.

## THE NOVELTY AND DIFFICULTY OF THE SERVICE

2.    Applicant represents and would demonstrate to this Court that its role as financials advisors and accountants to the Committee in these cases has involved significant sophistication and expertise.

## THE SKILL REQUISITE TO PERFORM THE SERVICES PROPERLY

3.    Due to the nature of the financial and operating issues presented in these cases, a relatively high degree of skill is required by Applicant in its representation of the Committee.  Applicant's experience and expertise is facilitating and expediting the results being achieved in these cases, without incurring the extra time and expense had less experienced financial advisors handled these matters.

4.    Admittedly, the criterion of "the skill requisite to perform the services properly" is a subjective standard.  Berger submits that the paramount factor that the Court should consider in applying this standard, however, is whether the results being achieved by Applicant are beneficial to the Estates and their creditors. Applicant believes that the answer to such a query justifies allowance of the fees and costs requested in this Application.

## THE PRECLUSION OF OTHER EMPLOYMENT BY THE PROFESSIONAL
## DUE TO THE ACCEPTANCE OF THE CASE

11.    Due to the expedited manner in which these cases are being handled, work on other clients and matters were often deferred or delayed as a result.

## THE CUSTOMARY FEE

12.    Applicant represents and would demonstrate that the hourly rates charged by Applicant for the services performed herein are competitive and customary for the degree of skill and expertise required in the performance of similar services rendered by other experienced financial advisors in bankruptcy matters and in the Southern District of Florida.

## WHETHER THE FEE IS FIXED OR CONTINGENT

13.    Applicant's fee is neither fixed nor contingent (other than the contingency of court-allowance and available assets to pay professionals).  It is based primarily upon the actual total number of hours worked, plus the actual costs incurred.

**TIME LIMITATIONS IMPOSED BY THE CLIENT OR OTHER CIRCUMSTANCES**

14.    Throughout these bankruptcy cases and the Committee's involvement herein, there were many expedited and emergency hearings.  In many instances, the hearings, on application by the Debtors, were set on shortened notice resulting in increased time constraints placed upon Applicant to effectively represent the Committee's interests herein.

**EXPERIENCE, REPUTATION AND ABILITY OF APPLICANT**

15.    The professionals who provided services on behalf of Applicant in this case are thoroughly experienced in all matters of bankruptcy, insolvency, and reorganization.   The ability of Berger's professionals who have assisted the Committee should be determined by this Court in measuring the results obtained.

**THE UNDESIRABILITY OF THE CASE**

16.    The uncertainty of success or payment for services rendered, or for reimbursement of out-of-pocket expenses incurred in this case, could cause this case to be considered undesirable.  Notwithstanding the difficulties imposed by the uncertainty of payment, Applicant was nevertheless willing to undertake these risks.

**THE NATURE AND LENGTH OF THE PROFESSIONAL
RELATIONSHIP WITH THE CLIENT**

17.    Applicant has been employed by the Committee since the Court's entry of its Employment Order, effective June 1, 2005.  None of the members of the Committee are members of Applicant, and Applicant has not agreed to share any fees received in the Bankruptcy Case with anyone other than members of Applicant.

**AWARDS IN SIMILAR CASES**

18.    Applicant represents and would demonstrate that the compensation sought in connection with the services rendered in these cases is not excessive and is commensurate with the compensation sought or awarded in similar cases under the Bankruptcy Code.  The amounts sought in this Fee Application are based in part on the usual and customary hourly rates which Applicant charges other clients in similar matters. Applicant routinely scrutinizes its bills to ensure that its fees are in compliance with the customary rates in this District and voluntarily writes off certain fees and all overhead expenses, including its use of counsel, to

prepare this Application, secretarial overtime, after-hour utilities, tabs and binders, etc. Moreover, Applicant believes its billing rates are equivalent to or may even be less than those charged by other nationally recognized financial advisors in the bankruptcy community. Therefore, taking into consideration the time and labor spent, the nature and extent of the representation and the nature of this proceeding, Applicant believes the allowance prayed for herein is reasonable and just.

## REASONABLENESS OF BERGER'S FEES

1.    The general areas of focus in this stage of the case as described earlier in this Application are certainly not exhaustive of the variety or number of issues and problems encountered in connection with its role as financial advisors for the Committee herein. Berger has been asked to assist, represent and advise the Committee throughout these cases on time-consuming and difficult tasks. Many of the issues have arisen under exigent circumstances and have required Berger to dedicate significant resources exclusively to these cases within a very compressed period of time.

2.    Berger represents and would demonstrate that the fees requested herein are not excessive and is, in its opinion, fair and reasonable in connection with the services provided by Berger on behalf of the Committee. The rates charged by Berger are competitive and customary for the degree of skill and expertise necessary for cases of this type and are consistent with, or below, rates charged by other nationally recognized financial advisors with similar experience in the Southern District of Florida.

3.    Berger would show that the work it has performed during the Applicable Period has been beneficial to the Committee and its constituency as set forth above and in the Fee Statements attached hereto. Taking into consideration the time and labor spent, the nature and extent of the representation and the nature of these proceedings, Berger believes the allowance prayed for herein is reasonable and just.

## CONCLUSION

For the foregoing reasons, Berger requests approval and allowance of the interim compensation requested herein in connection with its representation of the Committee during the Application Period, representing all fees in the amount of $44,135.00 (100%) incurred during the time period beginning June 1, 2005 through February 28, 2006.

WHEREFORE, PREMISES CONSIDERED, Berger respectfully requests that, after appropriate notice and a hearing, this Court approve and allow the interim compensation incurred by the Committee during the Application Period, as more particularly set forth above, authorize and direct the Debtors to remit payment of such allowed fees to Berger as approved by the Court, and grant such other and further relief to which it may show itself to be justly entitled.

Respectfully submitted:

By:

Gary L. Diamond, CPA/CIRA
Financial Advisor and Accountant for the
Official Committee of Unsecured Creditors
Berger Epstein & Garber, P.A.
4651 Sheridan Street
Suite 300
Hollywood, Florida 33021
Tel:  (954) 342-5400
Fax:  (954) 342-5015


Dated: March 9, 2006

9

## CERTIFICATION

1.      I have been designated by Berger Epstein & Garber, P.A. (the "Applicant") as the professional with responsibility in this case for compliance with the "Guidelines for Fee Applications for Professionals in the Southern District of Florida in Bankruptcy Cases" (the Guidelines").

2.      I have read the Applicant's Application for Compensation (the "Application").   The Application complies with the Guidelines, and the fees sought fall within the guidelines, except as specifically noted in this Certification and described in the Application.

3.      The fees sought are billed at rates and in accordance with practices customarily employed by the Applicant and generally accepted by the Applicant's clients.

4.      In seeking reimbursement for the expenditures described on Exhibit "D", the Applicant is seeking reimbursement only for the actual expenditure and has not marked-up the actual cost to provide a profit or to recover the amortized cost of investment in staff time or equiptment or capital outlay (except to the extent that the Applicant has elected to charge for in-house photocopies and outgoing facsimily transmissions at the maximum rates permitted by the Guidelines).

5.      In seeking reimbursement for any service provided by a third party, the Applicant is seeking reimbursement only for the amount actually paid aby the Application to third party.

6.      The following are the variances with the provisions of the Guidelines, the date of each Court Order approving the variance, and the justification for the variance: <u>NONE</u>

Berger Epstein & Garber, P.A.
4651 Sheridan Street
Suite 300
Hollywood, Florida 33021
Tel:  (954) 342-5400
Fax:  (954) 342-5015


Gary L. Diamond, CPA/CIRA
Financial Advisor and Accountant for the Official
Committee of Unsecured Creditors


Dated: <u>March 9, 2006</u>

10

## EXHIBIT A

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true copy of the Application and Exhibits hereof was (mailed/delivered) this **9th** day of **March, 2006**, to: **Steve D. Schneiderman, Esq.**, U.S. Trustee, 51 S.W. First Avenue, Room 1204, Miami, Florida 33130; **Susan D. Lasky, Esq.** (Debtors Counsel), Lasky Bigge & Rodriguez, P.A., 2101 N. Andrews Avenue, Suite 405, Wilton Manors, Florida 33311; **Michael D. Seese, Esq.,** Kluger, Peretz, Kaplan & Berlin, P.L., Miami Center, Suite 1700, 201 South Biscayne Boulevard, Miami, FL  33131**.**

By: _____

Gary L. Diamond, CPA/CIRA
Financial Advisor and Accountant for the
Official Committee of Unsecured Creditors
Berger Epstein & Garber, P.A.
4651 Sheridan Street
Suite 300
Hollywood, Florida 33021
Tel:  (954) 342-5400
Fax:  (954) 342-5015

1

**EXHIBIT B**
**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

*In re:*

**PURITY PRODUCTS, INC.**

| | |
|---|---|
| _____**Debtor**_____ / | **CASE NO. 04-12265 -BKC-LMI**<br>**Chapter 11** |

**SUMMARY OF FIRST AND FINAL FEE APPLICATION FOR ALLOWANCE AND PAYMENT OF COMPENSATION OF BERGER EPSTEIN & GARBER, P.A., AS FINANCIAL ADVISORS AND ACCOUNTANTS FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR THE PERIOD JUNE 1, 2005 TO FEBRUARY 28, 2006**

| NOTICE |
|---|
| **Hearing requested on at least 16 days notice – responsive paper required and mandated by Local rule 505(F)(2)** |

| | | |
|---|---|---|
| **1.** | Name of Applicant: Berger Epstein & Garber, P.A. | |
| **2.** | Role of Applicant: Financial Advisor and Accountants for Official Committee of Unsecured Creditor | |
| **3.** | Name of Certifying Professional: Gary L. Diamond, CPA/CIRA | |
| **4.** | Date Case Filed: March 17, 2004 | |
| **5.** | Date of Application for Employment: June 1, 2005 | |
| **6.** | Date of Order Approving Employment: August 16, 2005 | |
| **7.** | If Debtor's counsel, date of disclosure of Compensation form: N/A | |
| **8.** | Date of this Application: March 9, 2006 | |
| **9.** | Dates of Services Covered: June 1, 2005 to February 28, 2006 | |

**FEES:**

| | | |
|---|---|---|
| **10.** | Total Fee Requested for this Period (from Exhibit "C") | $44,135.00 |
| **11.** | Balance Remaining in Fee Retainer Account, not yet Awarded | $ 0.00 |
| **12.** | Fees Paid or Advanced for this Period, by other sources | $ 0.00 |
| **13.** | **NET AMOUNT OF FEE REQUESTED FOR THIS PERIOD** | $44,135.00 |

**EXPENSES:**

| | | |
|---|---|---|
| **14.** | Total Expense Reimbursement requested for this Period | $ 0.00 |
| **15.** | Balance Remaining in Expense Retainer Account, not yet Received | $ 0.00 |
| **16.** | Expenses Paid or Advanced for this Period, by other sources | $ 0.00 |
| **17.** | **NET AMOUNT OF EXPENSES REQUESTED FOR THIS PERIOD** | $ 0.00 |
| **18.** | Gross Award Requested for this Period (#10 + #14) | $44,135.00 |
| **19.** | **NET AWARD REQUESTED FOR THIS PERIOD (#13 + #17)** | $44,135.00 |
| **20.** | **If FINAL fee Application, amounts of net Awards Requested in Interim Applications but not previously awarded (total from History of Fees and Expenses, following pages):** | $ 0.00 |
| **21.** | Final Fee and Expense Award Requested (#19 + #20) | $44,135.00 |

## EXHIBIT C

### SUMMARY OF PROFESSIONAL TIME BY ACTIVITY CODE

**Activity Code Category:  A – Plan of Reorganization and Disclosure Statement**

| Associate: | Rate | Hours | Total Fees | Total by Category |
|---|---|---|---|---|
| Gary Diamond | $350.00 | 49.10 | $17,185.00 | $17,185.00 |

**Activity Code Category:  B – Business Analysis/Operations**

| Associate: | Rate | Hours | Total Fees | Total by Category |
|---|---|---|---|---|
| Gary Diamond | $350.00 | 39.00 | $13,650.00 | $13,650.00 |

**Activity Code Category:  C – Case Administration**

| Associate: | Rate | Hours | Total Fees | Total by Category |
|---|---|---|---|---|
| Gary Diamond | $350.00 | 32.00 | $11,200.00 | $11,200.00 |

**Activity Code Category:  D – Attendance at Court Hearing/Committee Meetings**

| Associate: | Rate | Hours | Total Fees | Total by Category |
|---|---|---|---|---|
| Gary Diamond | $350.00 | 6.00 | $ 2,100.00 | $ 2,100.00 |
| **TOTAL – Professional Hours and Fees** | | 126.10 | $44,135.00 | $44,135.00 |

1

**EXHIBIT D**
**BERGER EPSTEIN & GARBER, P.A.**
**4651 SHERIDAN STREET**
**SUITE 300**
**HOLLYWOOD, FL 33021**

March 9, 2006

---

**Purity Products, Inc.**                                   Case No. 04-12265-BKC-LMI

===

**Re: Activity Code - (A) Plan of Reorganization and Disclosure Statement**

FOR SERVICES RENDERED in the captioned matter for the period June 1, 2005 through February 28, 2006 to include:

| | | | | |
|---|---|---|---|---|
| A | 06/01/05 | Hold discussion with B. Schroeder (CEO) and R. Spalter, Esq. (Kluger Peretz) re: debrief on meeting with S. Schneiderman, Esq. and prepare for Hearing | GLD | 0.40 |
| A | 06/01/05 | Participate in meeting with M. Bernheim, Esq. (Kluger Peretz) and S. Schneiderman, Esq. (US Trustee) re: business plan and Motion to Convert | GLD | 1.20 |
| A | 06/01/05 | Hold discussion with B. Schroeder (CEO) and R. Spalter, Esq. (Kluger Peretz) on hearing scheduled for the next day re: Motion to Convert case back to Chapter 11 | GLD | 0.60 |
| A | 06/01/05 | Perform edits to business plan and projections to reflect revised terms of distribution to creditors | GLD | 3.50 |
| A | 06/13/05 | Hold discussion with M. Bernheim, Esq. re: Plan | GLD | 0.20 |
| A | 06/17/05 | Participate in meeting with M. Seese, Esq. and M. Bernheim, Esq. re: allocation of tasks to complete the Plan and disclosure statement | GLD | 1.50 |
| A | 06/17/05 | Hold meeting with M. Bernheim, Esq. (Kluger Peretz) re: drafting of Plan and disclosure statement | GLD | 1.00 |
| A | 06/21/05 | Draft background sections of disclosure statement | GLD | 2.40 |
| A | 06/22/05 | Continue to review Plan and disclosure statement draft and note comments thereto | GLD | 1.40 |
| A | 06/22/05 | Draft background sections of disclosure statement | GLD | 2.10 |
| A | 06/22/05 | Participate in meetings with M. Seese, Esq. and M. Bernheim, Esq. re: allocation of tasks to complete the Plan and disclosure statement - review of issues related thereto | GLD | 1.40 |

| A | 06/22/05 | Continue to participate in meetings with M. Seese, Esq. and M. Bernheim, Esq. re: allocation of tasks to complete the Plan and disclosure statement - review of issues related thereto | GLD | 2.10 |
|---|---|---|---|---|
| A | 06/22/05 | Hold meeting with B. Schroder (CEO) re: review of Plan and disclosure statement and obtain his signature for same | GLD | 0.50 |
| A | 06/22/05 | Coordinate assembly of Plan and disclosure statement components | GLD | 0.50 |
| A | 06/22/05 | Review Plan and disclosure statement draft and note comments thereto | GLD | 1.60 |
| A | 06/23/05 | Coordinate assembly of Plan and disclosure statement components | GLD | 2.50 |
| A | 06/23/05 | Review Plan and disclosure statement draft and note comments thereto | GLD | 2.10 |
| A | 06/23/05 | Review projections to be inserted as an exhibit to the disclosure statement | GLD | 1.50 |
| A | 06/23/05 | Continue to review Plan and disclosure statement draft and note comments thereto | GLD | 1.90 |
| A | 06/23/05 | Hold discussion with D. Hunter (committee member) re: B. Schroeder guaranty and impact of exculpatory language in Plan thereon | GLD | 0.30 |
| A | 06/23/05 | Continue to review Plan and disclosure statement draft and note comments thereto | GLD | 0.90 |
| A | 06/23/05 | Hold discussion with G. Ray (Chairman of the Committee) re: B. Schroeder guaranty and impact of exculpatory language in Plan thereon | GLD | 0.20 |
| A | 06/24/05 | Continue to review Plan and disclosure statement draft and note comments thereto | GLD | 3.20 |
| A | 06/27/05 | Hold discussion with M. Seese, Esq. re: XRoads response to Section 5.2 and the Trujillo Section 364 motion for credit | GLD | 0.30 |
| A | 07/08/05 | Hold discussion with creditor on status of plan | GLD | 0.40 |
| A | 09/06/05 | Compose emails to S. Lasky, Esq. (Debtor Counsel) re: disclosure statement issues | GLD | 0.70 |
| A | 09/07/05 | Participate in conference call with M. Seese, Esq. (KPKB), B. Schroeder (CEO) and S. Lasky, Esq. (Debtor counsel) re: disclosure statement | GLD | 1.20 |
| A | 09/07/05 | Hold discussion with B. Schroeder (CEO) and M. Seese, Esq. re: stockholders | GLD | 0.60 |
| A | 09/07/05 | Hold discussion with E. McGhee. re: Darr transactions | GLD | 0.30 |
| A | 09/08/05 | Hold discussion with M. Seese, Esq. (KPKB) re: stock issues and plan | GLD | 0.40 |
| A | 09/08/05 | Hold discuss with E. McGhee re: Darr transactions | GLD | 0.20 |
| A | 09/12/05 | Hold discussion with E. Anderson, Esq. (Wells Fargo counsel) and M. Seese, Esq. re: allowed Wells Fargo claim | GLD | 0.40 |

| A | 09/12/05 | Make corrections to spreadsheets supporting projections included in disclosure statement | GLD | 1.30 |
|---|----------|-------------------------------------------------------------------------------------------|-----|------|
| A | 09/13/05 | Continue to make corrections to spreadsheets supporting projections included in disclosure statement | GLD | 1.10 |
| A | 09/13/05 | Hold discussion with B. Moredroft (CFO) re: claims | GLD | 0.20 |
| A | 09/13/05 | Continue to review Plan of Reorganization and disclosure statement | GLD | 2.40 |
| A | 09/13/05 | Review Plan of Reorganization and disclosure statement | GLD | 2.60 |
| A | 09/13/05 | Hold discussion with S. Lasky, Esq. (Lasky Bigge) re: plan comments | GLD | 0.30 |
| A | 09/13/05 | Hold discussion with M. Seese, Esq. (KPKB) re: open items and disclosure statement | GLD | 0.50 |
| A | 09/15/05 | Compose email and send out Plan to committee | GLD | 0.40 |
| A | 09/23/05 | Hold discussion with M. Seese, Esq. (KPKB) re: results of hearing | GLD | 0.30 |
| A | 09/26/05 | Exchange emails with S. Lasky, Esq. (Debtor counsel) re: disclosure statement hearing | GLD | 0.20 |
| A | 10/29/05 | Review projections and perform edits thereto in response to comments of US Trustee | GLD | 0.30 |
| A | 10/29/05 | Hold discussion with M. Seese, Esq. (KPKB) re: Wells Fargo claim and impact on projections and S. Schneiderman, Esq. (US Trustee) issues | GLD | 0.20 |
| A | 10/30/05 | Review projections and perform edits thereto in response to comments of US Trustee | GLD | 1.10 |
| A | 10/30/05 | Hold discussion with M. Seese, Esq. (KPKB) re: Wells Fargo claim and impact on projections and S. Schneiderman, Esq. (US Trustee) issues | GLD | 0.30 |
| A | 10/31/05 | Review projections and perform edits thereto in response to comments of US Trustee | GLD | 0.40 |

**SUMMARY OF HOURS:**

| GLD | DIAMOND | 49.10 HOURS @ $350 PER HOUR | | $17,185.00 |
|-----|---------|------------------------------|--|------------|
| | **TOTAL HOURS** | **49.10** | | |

**TOTAL FOR PROFESSIONAL SERVICES RENDERED**          **$17,185.00**

**EXHIBIT D**
**BERGER EPSTEIN & GARBER, P.A.**
**4651 SHERIDAN STREET**
**SUITE 300**
**HOLLYWOOD, FL 33021**

March 9, 2006

**Purity Products, Inc.**                                   Case No. 04-12265-BKC-LMI

**Re:  Activity Code  - (B)  Business Analysis/Operations**

FOR SERVICES RENDERED in the captioned matter for the period June 1, 2005 through February 28, 2006 to include:

| | | | | |
|---|---|---|---|---|
| B | 06/13/05 | Hold discussion with B. Schroeder (CEO) re: financing of Cuban shipments | GLD | 0.20 |
| B | 06/14/05 | Hold discussion with M. Seese, Esq. (Kluger Peretz et al) re: DIP financing for Cuban shipments under Section 364©) of the code | GLD | 0.30 |
| B | 06/14/05 | Hold meeting with B. Schroeder (CEO) and D. Fenton (Purity) re: Cuban shipments | GLD | 1.40 |
| B | 06/14/05 | Hold discussion with B. Schroeder (CEO) re: financing of Cuban shipments | GLD | 0.30 |
| B | 06/27/05 | Hold discussion with vendor on status of shipment | GLD | 0.10 |
| B | 06/28/05 | Hold meeting with M. Seese, Esq. (Kluger Peretz et al) re: Section 364 issues | GLD | 0.40 |
| B | 06/28/05 | Hold discussion with R. Spalter, Esq. re: Purity operations | GLD | 0.40 |
| B | 06/30/05 | Hold discussion with vendor on status of shipment | GLD | 0.30 |
| B | 07/01/05 | Hold discussion with B. Schroeder (CEO) re: discussions with suppliers and DIP Report | GLD | 0.20 |
| B | 07/01/05 | Hold discussions with vendors on A. Ziv (Medley Tomatoes) | GLD | 1.20 |
| B | 07/08/05 | Hold discussion with B. Schroeder (CEO) re: discussions with suppliers and DIP Report | GLD | 0.30 |
| B | 07/12/05 | Hold discussion with A. Ziv (Medley Tomatoes) re: status of letter of credit draw down from Alimport | GLD | 0.70 |

4

| B | 07/19/05 | Hold discussions with A. Ziv (Medley Tomatoes) re: future shipments; hold discussion with B. Schroeder re: DIP Reports and meeting with A. Ziv | GLD | 0.20 |
|---|---|---|---|---|
| B | 07/20/05 | Hold discussions with A. Ziv (Medley Tomatoes) re: future shipments; hold discussion with B. Schroeder re: DIP Reports and meeting with A. Ziv | GLD | 0.40 |
| B | 07/22/05 | Hold discussions with A. Ziv (Medley Tomatoes) re: future shipments; hold discussion with B. Schroeder re: DIP Reports and meeting with A. Ziv | GLD | 0.60 |
| B | 07/26/05 | Hold discussions with A. Ziv (Medley Tomatoes) re: future shipments; hold discussion with B. Schroeder re: DIP Reports and meeting with A. Ziv | GLD | 0.40 |
| B | 07/27/05 | Hold discussions with A. Ziv (Medley Tomatoes) re: future shipments; hold discussion with B. Schroeder re: DIP Reports and meeting with A. Ziv | GLD | 0.20 |
| B | 07/28/05 | Hold discussions with A. Ziv (Medley Tomatoes) re: future shipments; hold discussion with B. Schroeder re: DIP Reports and meeting with A. Ziv | GLD | 0.30 |
| B | 07/29/05 | Hold discussions with A. Ziv (Medley Tomatoes) re: future shipments; hold discussion with B. Schroeder re: DIP Reports and meeting with A. Ziv | GLD | 0.30 |
| B | 08/04/05 | Hold discussions with A. Ziv (Medley Tomatoes) re: future shipments; hold discussion with B. Schroeder re: DIP Reports and meeting with A. Ziv | GLD | 0.90 |
| B | 08/05/05 | Hold discussions with A. Ziv (Medley Tomatoes) re: future shipments; hold discussion with B. Schroeder re: DIP Reports and meeting with A. Ziv | GLD | 1.50 |
| B | 08/07/05 | Hold discussion with B. Schroeder re: financing of materials purchases and Wells Fargo issues | GLD | 0.30 |
| B | 08/08/05 | Hold discussion with B. Schroeder re: financing of materials purchases and Wells Fargo issues | GLD | 0.40 |
| B | 08/09/05 | Hold discussion with B. Schroeder re: financing of materials purchases and Wells Fargo issues | GLD | 2.10 |
| B | 08/09/05 | Draft emails to suppliers regarding status of shipments | GLD | 1.40 |
| B | 08/10/05 | Hold discussion with G. Ray (ADM) re: status of case and Berger Epstein & Garber retention | GLD | 0.40 |
| B | 08/10/05 | Hold meeting with B. Schroeder (CEO) and Arnoin Ziv (Medley Tomatoes) re: delivery of product and request for funds | GLD | 2.20 |

| | | | | |
|---|---|---|---|---|
| B | 08/10/05 | Hold discussion with M. Seese, Esq. (Kluger Peretz) re: debrief on meeting/draft email to S. Lasky, Esq. | GLD | 2.40 |
| B | 08/13/05 | Hold discussion with B. Schroeder re: financing of materials purchases and Wells Fargo issues | GLD | 0.40 |
| B | 08/15/05 | Hold discussion with B. Schroeder re: financing of materials purchases and Wells Fargo issues | GLD | 0.30 |
| B | 08/16/05 | Hold discussion with S. Lasky, Esq. (Lasky Bigge) re: tomato paste shipments and Wells Fargo claim | GLD | 0.40 |
| B | 08/16/05 | Hold discussions with M. Seese, Esq. (objections to disclosure statement) and discussions with A. Ziv and B. Schroeder (Purity) on shipments to Cuba | GLD | 0.30 |
| B | 08/17/05 | Hold discussions with M. Seese, Esq. (objections to disclosure statement) and discussions with A. Ziv and B. Schroeder (Purity) on shipments to Cuba | GLD | 0.30 |
| B | 08/18/05 | Hold discussions with M. Seese, Esq. (objections to disclosure statement) and discussions with A. Ziv and B. Schroeder (Purity) on shipments to Cuba | GLD | 0.40 |
| B | 08/19/05 | Hold discussions with M. Seese, Esq. (objections to disclosure statement) and discussions with A. Ziv and B. Schroeder (Purity) on shipments to Cuba | GLD | 0.30 |
| B | 08/22/05 | Discussions with B. Schroeder (CEO) and suppliers re: shipments to Cuba | GLD | 0.20 |
| B | 08/23/05 | Discussions with B. Schroeder (CEO) and suppliers re: shipments to Cuba | GLD | 0.20 |
| B | 08/24/05 | Discussions with B. Schroeder (CEO) and suppliers re: shipments to Cuba | GLD | 0.30 |
| B | 08/25/05 | Discussions with B. Schroeder (CEO) and suppliers re: shipments to Cuba | GLD | 1.10 |
| B | 08/25/05 | Review claims and 90 day payments in order to determine possible recoveries pursuant to the Plan | GLD | 1.80 |
| B | 08/26/05 | Discussions with B. Schroeder (CEO) and suppliers re: shipments to Cuba | GLD | 0.60 |
| B | 08/29/05 | Hold discussions with potential lender on letter of credit | GLD | 0.40 |
| B | 08/30/05 | Review loan application and discuss same with B. Schroeder (CEO) | GLD | 1.20 |
| B | 08/31/05 | Review loan application and discuss same with B. Schroeder (CEO) | GLD | 1.50 |
| B | 09/02/05 | Review loan application and discuss same with B. Schroeder (CEO) | GLD | 0.30 |

| | | | | |
|---|---|---|---|---|
| B | 09/07/05 | Review loan application and forward same to lender | GLD | 0.40 |
| B | 10/05/05 | Hold meeting with B. Schroeder (CEO) re: review of operations | GLD | 1.10 |
| B | 10/05/05 | Perform review of Monthly Operating Report | GLD | 0.60 |
| B | 10/14/05 | Hold discussions with Gibralter re: DIP loan | GLD | 0.20 |
| B | 12/01/05 | Hold discussions re: operations with B. Schroeder (CEO) | GLD | 0.30 |
| B | 12/13/05 | Hold discussion with B. Schroeder (CEO) re: operations | GLD | 0.20 |
| B | 12/14/05 | Hold discussion with B. Schroeder (CEO) re: operations | GLD | 2.60 |
| B | 12/19/05 | Hold discussion with B. Schroeder (CEO) re: operations | GLD | 0.20 |
| B | 12/24/05 | Perform review of Monthly Operating Reports filed with US Trustee | GLD | 0.60 |
| B | 01/02/06 | Continue to perform review of Monthly Operating Reports filed with US Trustee | GLD | 0.50 |
| B | 01/17/06 | Hold discussion with potential DIP lenders | GLD | 1.20 |
| B | 02/06/06 | Hold meeting with B. Schroeder (CEO) re: operations and feasibility, open orders and financing | GLD | 1.30 |

**SUMMARY OF HOURS:**

GLD          DIAMOND          39.00   HOURS @   $350 PER HOUR          $13,650.00

             **TOTAL HOURS**          **39.00**

**TOTAL FOR PROFESSIONAL SERVICES RENDERED**          **$13,650.00**

**EXHIBIT D**
**BERGER EPSTEIN & GARBER, P.A.**
**4651 SHERIDAN STREET**
**SUITE 300**
**HOLLYWOOD, FL 33021**

March 9, 2006

**Purity Products, Inc.**                                                    Case No. 04-12265-BKC-LMI

================================================================

**Re:  Activity Code - ©)  Case Administration**

FOR SERVICES RENDERED in the captioned matter for the period June 1, 2005 through February 28, 2006 to include:

| | | | | |
|---|---|---|---|---|
| C | 08/29/05 | Review claims and enter on spreadsheet | GLD | 1.50 |
| C | 08/29/05 | Continue to review claims and enter on spreadsheet | GLD | 1.10 |
| C | 08/30/05 | Continue to review claims and enter on spreadsheet | GLD | 1.00 |
| C | 08/31/05 | Continue to review claims and enter on spreadsheet | GLD | 3.20 |
| C | 09/01/05 | Hold discussion with D. Peress (XRoads) re: status of the case | GLD | 0.20 |
| C | 09/01/05 | Continue to review claims and enter on spreadsheet | GLD | 3.00 |
| C | 09/02/05 | Continue to review claims and enter on spreadsheet | GLD | 4.00 |
| C | 09/06/05 | Hold discussion with B. Schroeder (CEO) and M. Seese, Esq. re: stockholders | GLD | 0.30 |
| C | 09/06/05 | Continue to review claims and enter on spreadsheet | GLD | 2.50 |
| C | 09/07/05 | Continue to review claims and enter on spreadsheet | GLD | 1.50 |
| C | 12/05/05 | Software training on BMS software | GLD | 1.60 |
| C | 02/03/06 | Draft edits to fee application to ensure that such was in accordance with OUST local rules | GLD | 2.80 |
| C | 02/06/06 | Draft edits to fee application to ensure that such was in accordance with OUST local rules | GLD | 9.00 |
| C | 02/28/06 | Hold discussion with M. Seese, Esq. re: claims and avoidance actions | GLD | 0.30 |

**SUMMARY OF HOURS:**

GLD   DIAMOND   32.00 HOURS @ $350 PER HOUR   $11,200.00

     **TOTAL HOURS**  **32.00**

**TOTAL FOR PROFESSIONAL SERVICES RENDERED**   **$11,200.00**

<u>**EXHIBIT D**</u>
**BERGER EPSTEIN & GARBER, P.A.**
**4651 SHERIDAN STREET**
**SUITE 300**
**HOLLYWOOD, FL 33021**

March 9, 2006

**Purity Products, Inc.**                                    Case No. 04-12265-BKC-LMI

**Re:  Activity Code  - (D)  Attendance at Court Hearing/Committee Meetings**

FOR SERVICES RENDERED in the captioned matter for the period June 1, 2005 through February 28, 2006 to include:

| | | | | |
|---|---|---|---|---|
| D | 06/02/05 | Hold meeting with M. Bernheim, Esq. and R. Spalter, Esq. (both of Kluger Peretz) re: prepare for court hearing on Motion to Convert | GLD | 1.40 |
| D | 06/02/05 | Attend Court Hearing on Motion to Convert | GLD | 1.00 |
| D | 06/02/05 | Travel to Kluger Peretz et al offices downtown | GLD | 1.00 |
| D | 06/17/05 | Hold discussion with G. Ray (Chairman of the Committee) re: agenda for meeting with committee | GLD | 0.40 |
| D | 06/22/05 | Participate in creditor committee call to rectify the re-conversion of the case to Chapter 11 and authorize the Committee's professionals to file the Plan and disclosure statement | GLD | 1.20 |
| D | 09/16/05 | Participate in committee call on Plan | GLD | 1.00 |

**SUMMARY OF HOURS:**

GLD          DIAMOND          6.00  HOURS @  $350 PER HOUR          $2,100.00

              **TOTAL HOURS**      **6.00**                          **$2,100.00**

**TOTAL FOR PROFESSIONAL SERVICES RENDERED**

10